## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| J. R. D. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| J. B. HUNT TRANSPORT, | ) | Case No. 06 C 381 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant J.B. Hunt Transport's motion for summary

judgment [22] pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the

motion is granted.

## BACKGROUND

This action arises out of a complaint for discrimination filed by plaintiff J.R.D. Woods

against J.B. Hunt Transport. The following facts are taken from the statement of facts filed by

J.B. Hunt. Woods did not file any response in opposition to J.B. Hunt's motion for summary

judgment or in response to J.B. Hunt's statement of material facts. According to Local Rule 56.1,

"[a]ll material facts set forth in the statement required of the moving party will be deemed to be

admitted unless controverted by the statement of the opposing party." U.S. DIST. CT. RULES N.D.

ILL., LR56.1.

In July 2005, Woods applied for a job as a truck driver with J.B. Hunt. During telephone

conversations with a J.B. Hunt recruiter, Woods scheduled a time to begin orientation and

discussed the required drug screening potential employees must pass. Several weeks later, Woods

went to the J.B. Hunt facility, filled out a written application, and began orientation. J.B. Hunt

procedures permit applicants to begin working under a conditional offer of employment that is subject to the results of a physical and driving, background, and drug tests. The drug screening is conducted by an independent laboratory.

While J.B. Hunt performed the background check and awaited the results of the drug screening, Woods was allowed to begin orientation. Subsequently, the lab reported that Woods tested positive for marijuana. As a result, J.B. Hunt revoked its initial offer of employment to Woods.

Woods then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and later filed this lawsuit against J.B. Hunt for employment discrimination on the basis of color under Title VII, 28 U.S.C. § 2000e, and 42 U.S.C. § 1981. However, review of Woods' charge of discrimination with the EEOC and his deposition testimony demonstrates that his complaint is based on a claim of retaliation. Apparently, Woods simply marked the box indicating discrimination on the basis of color because retaliation was not listed. Essentially, Woods claims that J.B. Hunt revoked its conditional offer of employment, not because of his color or his positive test for marijuana, but in retaliation for a prior sex discrimination claim he had filed against the Chicago Transit Authority ("CTA"). J.B. Hunt now moves for summary judgment.

## DISCUSSION

### I.    Summary Judgment Standard

According to Federal Rule of Civil Procedure 56, summary judgment is granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "When a motion for summary judgment is

2

made . . . , an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading[.] [T]he adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment . . . shall be entered against the adverse party." FED. R. CIV. P. 56(e).

## II. Plaintiff did not file any response to the defendant's motion for summary judgment.

Woods did not meet his initial deadline to respond to J.B. Hunt's motion for summary judgment. When Woods did not file any response, the court contacted Woods, inquired about whether he intended to respond, and granted him an extension of time to do so. The court then issued an order granting Woods an extension of time and stated that if Woods failed to respond, the court would rule on J.B. Hunt's motion for summary judgment. Woods never responded to J.B. Hunt's motion for summary judgment nor J.B. Hunt's statement of material facts. Therefore, there is no issue as to any material fact, and summary judgment is granted in favor of J.B. Hunt.

The court nevertheless will analyze Woods' claims. Discussion of the claims will be in accordance with the facts submitted by J.B. Hunt since Woods made no submission of alternative facts to contradict J.B. Hunt's motion.

## III. Plaintiff fails to make a valid claim pursuant to 42 U.S.C. § 1981.

Woods does not make a valid claim under 42 U.S.C. § 1981 because there is no cause of action for retaliation under 42 U.S.C. § 1981. Section 1981 "encompasses only racial discrimination on account of the plaintiff's race and does not include a prohibition against retaliation." *Hart v. Transit Management of Racine, Inc.*, 426 F. 3d 863, 866 (7th Cir. 2005).

However, "[r]etaliation is grounds for relief under Title VII of the Civil Rights Act of 1964." *Id.*

## IV.    Plaintiff fails to make a timely claim under Title VII.

Title VII requires that suit be filed within ninety days of receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (90 days statute of limitations begins to run after receipt of notice of a right to sue letter). Woods received his right to sue on October 20, 2005, but did not file his complaint until January 20, 2006. Therefore, his complaint was filed late (93 days after he received notice), and the lawsuit cannot proceed.

## V.    Plaintiff fails to meet the requirements of a Title VII claim for retaliation.

Title VII makes it unlawful for an employer to retaliate against an employee or applicant who has opposed an unlawful employment practice. 42 U.S.C. § 2000e-3(a). The ultimate burden of proof in establishing a prima facie case of retaliation against an employer rests with the plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1993). Under the direct method of burden shifting, a plaintiff must show that "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse action taken by the employer; and (3) [there was] a causal connection between the two." *Moser v. Ind. Dept. Of Corr.*, 406 F. 3d 895, 903 (7th Cir. 2005).

J.B. Hunt does not dispute the fact that Woods' claim against the CTA was a protected activity or that Woods suffered an adverse employment action when his offer of employment was revoked. However, there is no causal connection between the protected activity and the adverse action because the undisputed facts show that J.B. Hunt did not have any knowledge of the protected activity.

4

To make a case for retaliation, it is not enough that the employer could have known about a potential employee's complaint; there must be actual knowledge of a protected activity for an adverse action to be deemed retaliatory. *Tomanovich v. City of Indianapolis*, 457 F. 3d 656, 668 (7th Cir. 2006). The record shows that J.B. Hunt had no knowledge of Woods' prior claim against the CTA. Woods did not tell anyone at J.B. Hunt about the claim, nor did he list the CTA as a previous place of employment on his job application. J.B. Hunt also does not investigate potential civil suits as part of its background check. It is clear from the record that J.B. Hunt did not have any knowledge of the lawsuit. Therefore, Woods fails to establish his prima facie case of retaliation.

## CONCLUSION

For all of the foregoing reasons, J.B. Hunt's motion for summary judgment [22] is granted, terminating the case. This is a final and appealable order.

It is so ordered.


_____
Wayne R. Andersen
United States District Judge


Dated: April 30, 2007